# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MALCOM BROGSDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 10105 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| A. TORRES-CORONA and P.A. SALINAS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After having a battery charge against him dropped, Plaintiff Malcolm Brogsdale sued his arresting officers, Defendants A. Torres-Corona and P.A. Salinas, and the City of Chicago (the "City") for false arrest and malicious prosecution under 42 U.S.C. § 1983 and intentional infliction of emotional distress under state law. The Court previously dismissed all of Brogsdale's claims but allowed him the opportunity to replead. Doc. 28. In his second amended complaint, Brogsdale has removed the City as a defendant and brings only his § 1983 claims against Torres-Corona and Salinas. Torres-Corona and Salinas once again move to dismiss Brogsdale's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Brogsdale has not sufficiently pleaded that Torres-Corona and Salinas lacked probable cause to arrest him for battery, the Court dismisses Brogsdale's second amended complaint.

## BACKGROUND[1]

On September 18, 2021, Brogsdale, a Chicago police officer, stayed at his condominium with his girlfriend. Between 2 a.m. and 3 a.m., Billy Reynolds, a visitor of another resident in

---

[1] The Court takes the facts in the background section from Brogsdale's second amended complaint and presumes them to be true for the purpose of resolving Torres-Corona and Salinas' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

Brogsdale's building, started banging on Brogsdale's door. Reynolds knocked so hard on Brogsdale's door that he loosened the door from its frame and the knob from the door. Because of Reynolds' knocking, Brogsdale's girlfriend called 911 for help. In this phone call, she identified Brogsdale as a police officer to the 911 operator and informed the operator of Reynolds' actions. While Brogsdale and his girlfriend waited for police officers to respond to the call, Reynolds continued to bang and knock on Brogsdale's front door and bang and kick on Brogsdale's back door, which was only accessible through a stairwell. Brogsdale and his girlfriend feared for their safety.

Approximately forty-five minutes passed before Torres-Corona and Salinas responded. Chicago police officers had already responded to a call at Brogsdale's building about Reynolds that evening. The prior incident involved a different resident.

Torres-Corona and Salinas did not arrive with a supervisor, although Chicago Police Department ("CPD") policy requires a supervisor to be on site for an incident involving a police officer. When Torres-Corona and Salinas arrived outside of the condominium complex, Brogsdale spoke to them from his balcony, identifying himself as a police officer and informing them that he would buzz them inside. When Torres-Corona and Salinas entered the building, they saw the damage to Brogsdale's door. Reynolds also continued his threatening behavior, appearing irate and intoxicated. He tried to enter Brogsdale's condominium again, passing one of the responding officers while doing so. Torres-Corona and Salinas did not prevent Reynolds from entering Brogsdale's condominium, but they did tell Reynolds to stop advancing. Reynolds ignored them and continued advancing. At this point, Brogsdale did not know if Reynolds was armed and as a result, he and his girlfriend feared for their safety. While neither Torres-Corona

nor Salinas reacted to Reynolds, Brogsdale placed his hands on Reynolds to protect himself, his girlfriend, and his property.

Following Brogsdale's contact with Reynolds, Torres-Corona and Salinas arrested and charged Reynolds with a criminal offense. They also arrested Brogsdale for battery under 720 Ill. Comp. Stat. 5/12-3(a)(2). The battery charge against Brogsdale was dismissed in October 2021.

As a result of his arrest, CPD assigned Brogsdale to desk duty for several months, which prevented him from the possibility of receiving overtime pay. The City also initiated an investigation against Brogsdale. Brogsdale does not know the status of the investigation.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

ANALYSIS

Torres-Corona and Salinas once again move to dismiss Brogsdale's § 1983 false arrest and malicious prosecution claims on the grounds that they had probable cause for the arrest. "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest . . . or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

"Probable cause to arrest exists when the facts and circumstances that are known [to the officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Doe v. Gray*, 75 F.4th 710, 718 (7th Cir. 2023) (alteration in original) (citation omitted). Whether the officers had probable cause to arrest Brogsdale "depends on the facts known to [the officers] *at the time of the arrest*." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 715 (7th Cir. 2013). Here, Torres-Corona and Salinas arrested Brogsdale for battery. To commit battery, an individual must "knowingly without legal justification by any means (1) cause[ ] bodily harm to an individual or (2) make[ ] physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3.

As with the first amended complaint, Brogsdale has not sufficiently pleaded that Torres-Corona and Salinas lacked probable cause to arrest him for battery. *See* Doc. 28 at 4–6. Instead, Brogsdale again all but admits that probable cause existed by alleging that he placed his hands on Reynolds.[2] *See Cosby v. Rodriquez*, 711 F. Supp. 3d 983, 1002 (N.D. Ill. 2024) (dismissing

---

[2] While Torres-Corona and Salinas also argue that Reynolds' signed complaint stating that Brogsdale battered him, which Reynolds made after the fact, shows that they had probable cause to arrest Brogsdale, the Court again does not find it appropriate to consider this document, which Torres-Corona and Salinas attached to their motion to dismiss. *See* Doc. 28 at 2 n.2. Not only does the criminal complaint amount to improper extrinsic evidence at the motion to dismiss stage, *see Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), but it also has no bearing on the probable cause inquiry because a criminal complaint made after the fact by a non-officer does not inform the Court of what an officer knew at the time of arrest. *See*

plaintiff's complaint where he stated that he sprayed officers with a toy water pistol, thus admitting to giving the officers probable cause to arrest him for battery); *Jones v. Gonzalez*, No. 22-cv-1333, 2023 WL 4549508, at *6 (N.D. Ill. July 14, 2023) ("By admitting the existence of probable cause, Jones has punched his own ticket out of the courthouse.").

Brogsdale attempts to overcome his allegations that Torres-Corona and Salinas witnessed Brogsdale batter Reynolds by arguing that he acted in self-defense. But "[t]he existence of a legal justification for a battery [such as self-defense] is not an element of the offense, but rather is an affirmative defense." *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *see People v. Lee*, 213 Ill. 2d 218, 224 (2004) (self-defense is an affirmative defense). And unfortunately for Brogsdale, generally, the "existence of an affirmative defense to the underlying charge has no bearing on the probable cause analysis." *Beiles v. City of Chicago*, 987 F. Supp. 2d 830, 836 (N.D. Ill. 2013); *see also Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir. 1998) ("There is no legal basis for allowing an affirmative defense, which might have allowed the plaintiff to escape a conviction for disorderly conduct, to interfere with the established § 1983 probable-cause-to-arrest analysis."). Although "[a] police officer may not ignore conclusively established evidence of the existence of an affirmative defense" when making a probable cause determination, simply alleging an affirmative defense does not undermine probable cause because "the [arresting] officer has no duty to investigate the validity of any defense." *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004).

"The elements of self-defense are: (1) that unlawful force was threatened against a person; (2) that the person threatened was not the aggressor; (3) that the danger of harm was

---

*Braun v. Vill. of Palatine*, 56 F.4th 542, 549 (7th Cir. 2022) ("[T]he fact that the officer later discovers additional evidence unknown to [him] at the time of the arrest is irrelevant to whether probable cause existed at the crucial time." (second alteration in original) (quoting *Bailey v. City of Chicago*, 779 F.3d 689, 695 (7th Cir. 2015))).

imminent; (4) that the use of force was necessary; (5) that the person threatened actually and subjectively believed a danger existed that required the use of the force applied; and (6) the beliefs of the person threatened were objectively reasonable." *Lee*, 213 Ill. 2d at 225. Here, the second amended complaint does not include allegations that Torres-Corona and Salinas ignored conclusively established evidence that Brogsdale acted in self-defense when he placed his hands on Reynolds. Nor has Brogsdale alleged facts that would suggest that Torres-Corona and Salinas avoided information available to them that would have established such a defense. *See Madero v. McGuiness*, 97 F.4th 516, 523 (7th Cir. 2024) (Seventh Circuit precedent "simply imposes upon the arresting officer the duty to act in a reasonable fashion and not to take an ostrich-like approach to exculpatory evidence that is obvious in nature and weakens substantially the relevance and probative value of the evidence suggesting guilt."). Brogsdale, therefore, has not sufficiently alleged that Torres-Corona and Salinas lacked probable cause to arrest him for battery, meaning his claims cannot proceed. *See Young v. Manna*, No. 21 C 5292, 2022 WL 683674, at *3 (N.D. Ill. Mar. 8, 2022) (dismissing a § 1983 false arrest claim where plaintiff alleged that he spray painted a waste container, giving officers probable cause to arrest plaintiff for committing criminal damage to property and plaintiff's allegations "did not conclusively establish existence of [plaintiff's] affirmative defense of consent"); *Beiles*, 987 F. Supp. 2d at 837 (rejecting the plaintiff's argument that probable cause did not exist because of a potential affirmative defense where "at the time of arrest, there was no conclusive evidence that Plaintiff acted out of necessity, and [the defendant] had no duty to imagine and investigate the validity of a necessity defense").

The Court dismisses Brogsdale's second amended complaint with prejudice. The Court has provided Brogsdale with ample opportunity to amend his complaint to sufficiently state a

claim.  Because he has not overcome the issues identified in the Court's prior Opinion, the Court finds that further amendment would be futile.  *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 734–35 (7th Cir. 2014) (affirming dismissal with prejudice of first amended complaint after initial complaint was dismissed without prejudice); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, No. 09 C 2046, 2010 WL 624709, at *1 (N.D. Ill. Feb. 18, 2010) (dismissing amended complaint with prejudice after previous dismissal of ICFA and unjust enrichment claims without prejudice), *aff'd*, 631 F.3d 436 (7th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the Court grants Torres-Corona and Salinas' motion to dismiss [35].  The Court dismisses the second amended complaint with prejudice and terminates this case.


Dated: December 9, 2024                                      _____
                                                             SARA L. ELLIS
                                                             United States District Judge

7